IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SPENCER V. GALLAGHER and KIMBERLY K. GALLAGHER, Plaintiffs, vs. ALLIANCE BANCORP, et al., Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE AND DENYING REQUEST FOR ATTORNEY'S FEES  Case No. 2:11-CV-393 TS |

The Court has before it Defendant BAC Home Loan Servicing, L.P.'s[1] ("BAC") Motion to Dismiss,[2] Defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion for Joinder in BAC's Motion to Dismiss,[3] Defendants Chase Home Finance, LLC ("Chase"), Washington Mutual Bank, F.A. ("WaMu") and MERS's Motion to Dismiss,[4] and GreenPoint

---

[1]Formerly known as Country Wide Home Loans Servicing, L.P.

[2]Docket No. 11. This Motion was previously filed on April 22, 2011 in the Third Judicial District Court for Summit County, State of Utah.

[3]Docket No. 4.

[4]Docket No. 5.

1

Mortgage Funding, Inc.'s ("GreenPoint") Motion to Dismiss and for Attorney's Fees.[5] For the reasons set forth below, the Court will dismiss the cause of action with prejudice but deny the request for attorney's fees.

## I. BACKGROUND

On July 13, 2006, Plaintiffs Spencer and Kimberly Gallagher obtained a $650,000.00 refinance loan from Alliance Bancorp, which was secured by a deed of trust recorded against property located in Park City, Utah ("First Trust Deed"). The First Trust Deed lists Alliance as the lender, High County Title as the Trustee, and MERS as the beneficiary. On November 2, 2006, Plaintiffs obtained an additional $61,000.00 line of credit from GreenPoint, which was also secured by a deed of trust recorded against the same property ("Second Trust Deed"). The Second Trust Deed lists GreenPoint as the lender, High Country Title as trustee, and MERS as beneficiary. BAC is the current servicer of the Second Trust Deed.

On May 19, 2009, a notice of default was recorded against the Property by Marlon L. Bates, as successor trustee under the First Trust Deed. A notice of assignment of deed of trust and note was recorded against the property on June 1, 2009, whereby MERS, as beneficiary under the First Trust Deed, assigned its beneficial interest to US Bank, N.A., as trustee for WaMu Mortgage Pass Through Certificates for WMALT Series 2006-AR8 Trust. On that same day, a substitution of trustee was recorded whereby US Bank, as beneficiary under the First Trust Deed, substituted Marlon L. Bates as trustee and ratified all actions taken by Bates before the date of substitution.

---

[5]Docket No. 7.

2

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[6] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[7] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[8] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[9] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[10]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[11] Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on

---

[6] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[8] *GFF Corp.*, 130 F.3d at 1384.

[9] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[11] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[12]

### III. DISCUSSION

A.   CLAIMS AGAINST BAC AND GREENPOINT

BAC and GreenPoint contend that Plaintiffs have failed to allege any specific wrongdoing by BAC and GreenPoint. As explained above, BAC and GreenPoint's only involvement with Plaintiffs relates to Plaintiffs' Second Trust Deed. The foreclosure proceedings in the present dispute, however, only concern Plaintiffs' First Trust Deed. BAC and GreenPoint thus contend that Plaintiffs' claims against them are not ripe and fail to state a claim upon which relief can be granted.

In Plaintiffs' response, Plaintiffs fail to address this issue and instead provide the Court with Plaintiffs' counsel's customary response used in several other cases concerning these same types of claims. The Court finds that Plaintiffs' failure to allege any specific factual detail against these Defendants is fatal to their claims under Fed.R.Civ.P. 8 and the Court will, therefore, dismiss the claims against BAC and GreenPoint.

B.    CLAIMS AGAINST CHASE, WAMU, AND MERS

   *1.   Authority to Foreclose*

Defendants Chase, WaMu, and MERS contend that Plaintiffs' first, fourth, and sixth

---

[12]*Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

causes of action are all based on a variation of the "split-note" theory which has been repeatedly rejected in this Court. The typical "split-note" theory complaint alleges that the foreclosing entities lack authority because the promissory note was split from the deed of trust through securitization, thereby invalidating both the note and the deed of trust, and entitling the plaintiff to the property clear of all competing interests.[13] In rejecting such claims, this Court has held that this "split-note" theory is contrary to the well-settled principle that "[t]he transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter."[14] Indeed, this common law principle has been adopted into the Utah Code.[15] Thus, as any assignment of the note necessarily carries with it the deed of trust securing the property, the Court has found that such a "split-note" scenario is simply untenable.[16]

Plaintiffs contend that their claims are distinguishable from the "split-note" theory because they do not claim that the deed of trust is invalid *per se*, but rather challenge the authority of the foreclosing defendants to enforce the First Trust Deed. Unlike many of their predecessor "split-note" complainants, Plaintiffs acknowledge the well-settled principle that the transfer of the note carries with it the security. Plaintiffs contend, however, that even accepting this principle, the foreclosing Defendants still lack authority to foreclose because such authority

---

[13]*See, e.g.*, *Witt v. CIT Group/Consumer Finance Inc.*, 2010 WL 4609368 (D. Utah Nov. 5, 2010).

[14]*Carpenter v. Longan*, 83 U.S. 271, 275 (1872).

[15]*See* Utah Code Ann. § 57-1-35.

[16]*See Witt*, 2010 WL 4609368, at * 4 (D. Utah Nov. 05, 2010); *Marty v. Mortg. Elec. Registration Sys.,* 2010 WL 4117196, at *4-*6 (D. Utah Oct. 19, 2010).

5

was lost through securitization. Plaintiffs explain that because the deed of trust—the instrument which establishes MERS as the lender's nominee—follows the note, once the note is transferred, assigned, or sold, the nomination in the deed of trust automatically becomes void. Apparently, Plaintiffs believe that this result is mandated by Utah Code Ann. § 57-1-35.

Plaintiffs' argument ignores the fact that the deeds of trust establish MERS as "a nominee for Lender and Lender's successors and assigns."[17] Under the express terms of the deeds of trust, Plaintiffs agreed to MERS's continuing status as nominee and beneficiary, even after the deeds of trust were transferred, assigned, or sold. As Plaintiffs have already conceded that the deeds of trust follow the note, the Court can see no reason why all terms of the deeds of trust would follow the transfer of the note *except* this term—a term which, ironically, expressly provides for its continuation in the event of a transfer.[18] Such an argument defies logic and fails as a matter of law.

As Plaintiffs' first, fourth, fifth, and sixth causes of action rely upon this failed theory, the Court finds that these claims fail to plead a cause of action upon which relief may be granted.

2.   *Misrepresentation Causes of Action*

Defendants contend that Plaintiffs' second cause of action for intentional misrepresentation should be dismissed for failure to plead with the particularity required by

---

[17] Docket No. 7, Exs. B & C.

[18] *Marty*, 2010 WL 4117196, at *6 ("Thus, there is no reason to conclude that MERS could not contract with Plaintiff and other parties to maintain the power to foreclose despite the conveyance of the ownership of the debt as long as MERS were to act on behalf of those parties who have the ultimate right to collect the debt.").

Fed.R.Civ.P. 9. Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[19] Rule 9(b) requires a party to allege the time, place, content, and manner of the defendant's fraudulent conduct.[20] Defendants contend that Plaintiffs only make general allegations that Defendants misrepresented that they may qualify for a loan modification and that such is insufficient to satisfy Rule 9(b).

In Plaintiffs' response, Plaintiffs fail to defend these claims. Having reviewed the second cause of action as alleged, the Court agrees that Plaintiffs' allegations fail to meet the heightened pleading standards of Rule 9(b). The Court will, therefore, dismiss Plaintiffs' second cause of action.

Defendants further contend that Plaintiffs' third cause of action for negligent misrepresentation fails because Chase had no duty to disclose and the claim is barred by the economic loss doctrine. The Court agrees with both these grounds for dismissal. A party has no duty to disclose when "the parties deal at arm's length, and where the underlying facts are reasonably within the knowledge of both parties."[21] The Court finds that Plaintiffs' loan transaction with Chase was an arm's length transaction and, therefore, Chase had no duty to disclose. Moreover, under the doctrine of economic loss, a plaintiff cannot bring a tort claim when the conflict arises out of a contract, unless there is an independent, non-contractual duty.[22]

---

[19] Fed.R.Civ.P. 9(b).

[20] *Cook v. Zions First Nat. Bank*, 645 F.Supp. 423, 425 (D. Utah 1986).

[21] *Sugarhouse Fin. Co. v. Anderson*, 610 P.2d 1369, 1373 (Utah 1980).

[22] *Grynberg v. Questar Pipeline Co.*, 70 P.3d 1, 12 (Utah 2003).

7

This doctrine applies to negligent misrepresentation claims.[23] The Court finds that Plaintiffs' negligent misrepresentation claims arise out of contract and are, therefore, barred by the economic loss doctrine. Thus, the Court will dismiss Plaintiffs' third cause of action.

### 3. *Breach of Duty of Good Faith and Fair Dealing*

Plaintiffs' seventh cause of action alleges that Defendants breached the duty of good faith and dealing by informing Plaintiffs that they could qualify for a loan modification if they were delinquent. The Court finds that this claim fails as a matter of law. The covenant of good faith and fair dealing, which inheres in every contractual relationship, "cannot be construed to establish new, independent rights or duties not agreed upon by the parties."[24] Plaintiffs' seventh cause of action seeks to impose new duties upon Defendants and grant Plaintiffs new rights relating to the modification of the loan's original terms. The covenant of good faith and fair dealing cannot be relied on to create a contract different than the one agreed to by the parties. Plaintiffs' seventh cause of action, therefore, fails as a matter of law and must be dismissed.

## C. ATTORNEY'S FEES

Defendant GreenPoint moves for attorney's fees under Utah Code Ann. § 78B-5-825. "In order to award attorney fees under this provision, a trial court must determine both that the losing party's action or defense was 'without merit' and that it was brought or asserted in bad faith."[25] GreenPoint contends that given the multiple prior rulings of this Court addressing the same

---

[23] *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assoc., Inc.*, 28 P.3d 669, 683 (Utah 2001).

[24] *PDQ Lube Center, Inc. v. Huber*, 949 P.2d 792, 798 (Utah Ct. App. 1997).

[25] *Still Standing Stable, LLC v. Allen*, 122 P.3d 556, 559 (Utah 2005).

claims addressed by the same counsel, the Court should award GreenPoint its attorney's fees.

While asserting claims that have been repeatedly rejected in this Court certainly speaks to whether Plaintiffs' claims lack merit, the Court cannot, on the record before it, conclude that these claims were asserted in bad faith. Utah precedent makes clear that a finding that a cause of action lacks merit, standing alone, is insufficient to award attorney's fees under Utah Code Ann. 78B-5-825.[26] The Court will, therefore, deny the request for attorney's fees.

## IV. CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Defendant BAC Home Loan Servicing, L.P.'s[27] Motion to Dismiss (Docket No. 11), Defendant Mortgage Electronic Registration Systems, Inc.'s Motion for Joinder in BAC's Motion to Dismiss (Docket No. 4), Defendants Chase Home Finance, LLC, Washington Mutual Bank, F.A., and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Docket No. 5) are GRANTED and Defendant GreenPoint Mortgage Funding, Inc.'s Motion to Dismiss and for Attorney's Fees (Docket No. 7) is GRANTED as to its request for dismissal AND DENIED as to its request for attorney's fees. All claims alleged in Plaintiffs' Complaint are DISMISSED WITH PREJUDICE.

The hearing set for July 20, 2011 is VACATED. The Clerk of the Court is directed to close this case forthwith.

---

[26] *See id.* at 559-61.

[27] Formerly known as Country Wide Home Loans Servicing, L.P.

9

DATED July 13, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge